* * * * * * * * * * *
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is incarcerated in the North Carolina Department of Correction. Around September 4, 1998, plaintiff's custody status was upgraded to honor grade. Plaintiff was asked if he wanted to transfer to the Goldsboro Correctional Institution, which houses honor grade inmates, and he agreed because the facility was close to his home.
2. Plaintiff's brother was the victim of a gunshot wound inflicted by Willie Butler, who was incarcerated at the Goldsboro prison unit and serving a sentence for this assault. Plaintiff's brother was paralyzed from the waist down as a result of this assault. Plaintiff was not aware that Mr. Butler was at the Goldsboro unit when he agreed to the transfer.
3. After plaintiff was transferred to Goldsboro, he learned that Mr. Butler was also housed there. Plaintiff testified that he told correctional staff, and in particular, Assistant Superintendent Jones, that he did not want to be housed at the same unit as Mr. Butler. Plaintiff requested protective custody and then requested to be transferred to a different unit.
4. The Inmate Summary Records submitted as Exhibit 1 show that the correctional staff agreed with plaintiff's request, believing that it was not a good idea to house plaintiff and Mr. Butler at the same unit. In particular, the staff noted that plaintiff's brother, the victim of Butler's crime, was on plaintiff's visitors list. For these reasons, plaintiff's request for transfer was granted.
5. Plaintiff was housed at the Goldsboro unit for approximately 13 days. He testified that this prison unit houses about 86 inmates. During his brief time there, he saw Mr. Butler in the general population around the prison. Although plaintiff testified that he felt like he was being stalked, plaintiff never had any personal encounters or physical confrontations with Mr. Butler. Mr. Butler never threatened or assaulted plaintiff.
6. Plaintiff testified that being at the same unit and seeing Mr. Butler caused him mental distress. His medical records show that on at least one occasion, plaintiff did discuss with his counselor his distress over being at the same unit with the man who shot his brother. On November 18, 1998, plaintiff told the counselor that he felt that he had been stalked by his brother's assailant and expressed fear of him. Plaintiff also expressed his feelings of depression over his brother's injury.
7. Plaintiff was placed on medication for his anxiety and/or depression, and continued in counseling. The exposure to Mr. Butler at the Goldsboro prison unit was not the focus of his continuing counseling sessions, although plaintiff did mention fears of being housed in a prison unit with Mr. Butler in the future. It appears that other factors, including his depression over his brother's injury and difficulty adjusting to prison life, were the primary contributing factors to his continuing mental anxiety and/or depression.
8. The evidence does indicate that plaintiff's temporary exposure to Mr. Butler caused his distress, at least in the short term. The better practice would have been for correctional staff to avoid housing plaintiff at the same institution as Mr. Butler.
9. This was an unfortunate short-term event. However, the evidence is insufficient to show that the correctional staff responsible for plaintiff's transfer knew of this situation, such that they should have taken steps to avoid transferring plaintiff to the Goldsboro unit where Mr. Butler was housed. When this situation was brought to their attention, correctional staff took timely action and plaintiff was transferred out of the prison unit to avoid further contact with Mr. Butler.
10. The evidence fails to show that the correctional staff violated any policy or procedure or failed to exercise due care when they transferred plaintiff to the Goldsboro prison unit around September 1998, especially in light of the fact that plaintiff himself requested the transfer.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSION OF LAW
The evidence is insufficient to establish that plaintiff was injured by the negligence of any of defendant's employees with regard to his transfer and temporary housing at the Goldsboro prison unit. Therefore, plaintiff's claim must be denied pursuant to N.C. Gen. Stat. § 143-291 et seq.
 * * * * * * * * * * *
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim must be and is HEREBY DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This 29th day of June, 2006.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER